IN THE UNITED STATES BANKRUPTCY COURT
For The Middle District of North Carolina
Winston-Salem Division

IN RE:                                    )
                                          )
JOSE OSWALDO DELGADO    )         Case No.  09-51799
NELLY DELGADO                   )
                                          )         Chapter 7
              Debtors.             )
_____)

**ORDER AND OPINION DENYING REAFFIRMATION AGREEMENT**

This case came before the Court on December 30, 2009, pursuant to Section 524 of the Bankruptcy Code, for consideration of a reaffirmation agreement between the above-referenced debtors (the "Debtors") and Nissan Motor Acceptance Corporation (the "Creditor") and to show cause as to why the reaffirmation agreement should not be stricken as a result of a failure to comply with Rule 4008(a) of the Federal Rules of Bankruptcy Procedure. Anthony J. Vrsecky appeared on behalf of the Debtors. The Debtors sought to reaffirm a debt in the amount of $4,496.48, which debt is secured by a 2005 Nissan Altima.

The reaffirmation agreement was filed with the Court on December 4, 2009, and was therefore not filed with the Court within sixty (60) days after the first date set for the Section 341 meeting of creditors as required by Bankruptcy Rule 4008(a). The Debtors filed their bankruptcy petition on August 31, 2009, and on the same date filed their statement of intention indicating that Debtors intended to retain the 2005 Nissan Altima and reaffirm their debt with the Creditor. Subsequently, in the late September, 2009, Debtor's counsel received a proposed reaffirmation agreement from the Creditor. The Debtors and their counsel signed the agreement and returned it to the lender on November 10, 2009.

Upon reviewing the agreement, the record in this case, and the arguments presented at the hearing, the Court finds that the Debtor properly filed her statement of intention indicating that

she wanted to reaffirm the debt, as required by Section 524 (c), and further, the Debtor took all reasonable steps to perform her intention with respect to such property pursuant to Section 521 (a)(2).

It is therefore ORDERED that the reaffirmation agreement between the Debtors and the Creditor, filed on December 4, 2009, is stricken and will not be approved by the Court as the reaffirmation agreement was filed with the Court beyond sixty (60) days, as required by Bankruptcy Rule 4008(a). Further, since the Debtor timely complied with the requirements of Section 524(c) and 521(a)(2), and in all respects agreed to reaffirm the debt on the original terms of the contract, the Court finds that (1) the automatic stay remains in effect, (2) the vehicle remains property of the estate pursuant to Section 362(h)(l)(B), and (3) the ipso facto clause of the contract remains ineffectual, as provisions of Section 521(d) that would give it effect have not been met, so long as the Debtor remains current in her payments on the property. See Coastal Federal Credit Union v. Hardiman 398 B.R. 161, 189 (E.DN.C. 2008); in re Husain, 364 B.R. 211, 219 (Bankr. E.D. Va. 2007); In re Hinson, *352* B.R. 48, 53 (Bankr. E.D.N.C. 2006).